IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KHONH SENGSIRIVANH                                                      PLAINTIFF

vs.                              Civil No. 2:16-cv-02195

NANCY BERRYHILL                                                        DEFENDANT
Commissioner, Social Security Administration


### MEMORANDUM OPINION

Khonh Sengsirivanh ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her application

for Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to

the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including

conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court issues this memorandum opinion

and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff's application for DIB was filed on February 25, 2013. (Tr. 29).  Plaintiff alleged she

was disabled due to carpal tunnel syndrome, arthritis, headaches, foot pain, body pain and numbness.

(Tr. 235, 259, 270).  Plaintiff alleged an onset date of September 1, 2012 which was later amended

to February 22, 2013.  (Tr. 29).   These applications were denied initially and again upon

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages
for this case are referenced by the designation "Tr."

1

reconsideration.  (Tr. 76-81, 83-90).  Thereafter, Plaintiff requested an administrative hearing on her application and this hearing request was granted.  (Tr. 100).

Plaintiff's administrative hearing was held on March 19, 2014.  (Tr. 46-74).  Plaintiff was present and was represented by counsel, Fred Caddell, at the hearings.  *Id.*  Plaintiff, her friend, and Vocational Expert ("VE") Jim Spragins testified at the hearings.  *Id.*  At the time of the hearings, Plaintiff was thirty-nine (39) years old and had a middle school education.  (Tr. 50-51).

On May 11, 2015, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB.  (Tr. 29-40).  In this decision, the ALJ determined the Plaintiff met the insured status requirements of the Act through December 31, 2017. (Tr. 31, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 22, 2013.  (Tr. 31, Finding 2).

The ALJ determined Plaintiff had the severe impairments of multiple joint pain, vitamin D deficiency, very mild chronic bilateral carpal tunnel syndrome, status post surgery, history of cervical radiculopathy, idiopathic peripheral neuropathy and plantar fasciitis.  (Tr. 31, Finding 3).  The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 32, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 32-38).  First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform light work, except she can frequent, but not constant, handling and fingering bilaterally, and must avoid concentrated exposure to cold and wetness.  (Tr. 32, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 38, Finding 6). The ALJ found Plaintiff was unable of performing her PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 38-39, Finding 10). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as machine molding tender with 114 such jobs statewide and 7,226 such jobs in the nation and production worker with 502 such jobs state wide and 29,292 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from February 22, 2013 through the date of the decision. (Tr. 39, Finding 11).

Plaintiff exhausted all administrative remedies, and on August 9, 2016, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 11, 2016. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 13, 16. This case is now ready for decision.

## 2. <u>Applicable Law:</u>

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. <u>Discussion:</u>

Plaintiff brings the present appeal claiming the ALJ erred: (A) in the RFC determination and (B) in the Step 5 determination. ECF No. 13, Pgs. 8-16. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 16.

### A. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that

determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform light work, except she can frequent, but not constant, handling and fingering bilaterally, and must avoid concentrated exposure to cold and wetness.  (Tr. 32, Finding 5).  Plaintiff argues the ALJ erred in this RFC determination, however, substantial evidence supports the ALJ's RFC determination.

The relevant period in this matter is from the amended alleged disability onset date of February 22, 2013, to the date of the ALJ's decision on May 11, 2015.  On March 1, 2013, Plaintiff underwent lumbar x-rays which were normal.  (Tr. 390).  A few weeks later, Plaintiff underwent a cervical CT scan which showed a slight central bulge at C5-6 with no disc herniation, fracture, or stenosis.  (Tr. 391).

On April 30, 2013, Plaintiff was seen at the Southwest Neurological Institute by Dr. William Griggs.  (Tr. 428-429).  Dr. Griggs found no clinical abnormalities and stated Plaintiff made minimal effort on cooperation during the examination.  *Id.*  Following this, Plaintiff was seen by Dr. Roger Wise who had previously performed a carpal tunnel release on Plaintiff.  (Tr. 421-422).  Dr. Griggs indicated Plaintiff was somewhat hostile about the thought of returning to work and felt she did not want to work.  *Id.*  Dr. Griggs' report shows there was no physical reason to keep Plaintiff from working.  *Id.*

On April 28, 2014, Plaintiff had a consultative examination by Dr. Ahmad Al-Khatib.  (Tr. 513-514).  The exam showed no objective deficits, with very mild bilateral median mononeuropathies across the wrist and no electrophysiological evidence of cervical radiculopathy, lumbosacral radiculopathy, or peripheral neuropathy during electromyography and nerve conduction testing.  *Id.*  Plaintiff was diagnosed with very mild, chronic, bilateral carpal tunnel syndromes, status

post bilateral carpal tunnel release. *Id.*

On May 8, 2014, Dr. Michael Westbrook performed a consultative physical examination. (Tr. 507-511). Plaintiff was eight months pregnant at the time and demonstrated poor effort. *Id.* No objective deficits were found and Dr. Westbrook indicated Plaintiff had mild limitations. *Id.*

Plaintiff also claims the ALJ erred in the treatment given to the opinions of Doin Dahlke, who performed a functional capacity evaluation. However, the ALJ correctly determined Mr. Dahlke was an unacceptable medical source. (Tr. 37-38). The regulations define a medical opinion as a statement from a physician or psychologist that reflects judgment about the severity of an impairment. *See* 20 C.F.R. § 404.1527(a)(2). According to his credentials Mr. Dahlke does not have a degree in the medical field.

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### B. Step 5 Determination

At Step Five of a disability determination, the SSA has the burden of establishing that a claimant retains the ability to perform other work in the economy. *See Snead v. Barnhart*, 360 F.3d 838, 836 (8th Cir. 2004). The SSA may meet this burden by either applying the Grids or by relying upon the testimony of a VE. *See Cox v. Astrue*, 495 F.3d 614, 621 (8th Cir. 2004) (finding the SSA's denial of benefits was supported by substantial evidence where the VE's testimony was based on a correctly-phrased hypothetical question); *Patrick v. Barnhart*, 323 F.3d 592, 596 (8th Cir. 2003)

(finding the SSA's denial of benefits was supported by substantial evidence where the ALJ applied the Grids).

The SSA may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart*, 321 F.3d 766, 768-769 (8th Cir. 2003). If, however, the SSA properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the SSA may rely exclusively upon the Grids and is not required to hear the testimony from a VE. *See McGeorge*, 321 F.3d at 768-769.

In this matter, the ALJ heard testimony from a VE regarding Plaintiff's ability to perform work in the national economy. It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC to perform light work, except she can frequent, but not constant, handling and fingering bilaterally, and must avoid concentrated exposure to cold and wetness. (Tr. 32, Finding 5). In response to interrogatories containing these limitations, the VE testified work existed in the national economy consistent with the limitations found by the ALJ. (Tr. 305-309). The ALJ found a significant number of jobs existed in the national economy which Plaintiff could perform. (Tr. 38, Finding 10). These representative occupations included machine molding tender with 114 such jobs statewide and 7,226 such jobs in the nation and production worker with 502 such jobs state wide and 29,292 such jobs in the nation. Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act from February 22, 2013 to May 11,

2015.  (Tr. 39, Finding 11).

I find the ALJ's hypothetical question properly set forth those limitations the ALJ found credible and which are supported by the evidence of record.  *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true).  The VE stated jobs existed in both the national and regional economy for the vocational profile of the Plaintiff.  Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence.

Plaintiff also argues the ALJ's findings regarding the number of jobs statewide was not sufficient for the step five showing of a "significant number" of jobs in the economy.  However, the Eighth Circuit has upheld ALJ's reliance on similar statewide job totals.  *See Welsh v. Colvin*, 765 F.3d 926, 930 (8th Cir. 2014) (holding that substantial evidence supported the ALJ's step five finding where the vocational expert testified there were 330 positions in the state and 36,000 nationally); *Johnson v. Chater*, 108 F.3d 178, 180-81 (8th Cir. 1997) (holding that the vocational expert's testimony of 200 jobs in the state and 10,000 nationally was sufficient for the step five showing of a "significant number" of jobs in the national economy).

**4. <u>Conclusion:</u>**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **17th day of July 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE